1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   SAN FRANCISCO BAYKEEPER,                    No. C -12-04338(EDL)

9              Plaintiff,                       **ORDER DENYING PLAINTIFF'S**
                                                **MOTION TO COMPEL**
10        v.

11   LEVIN ENTERPRISES, INC.,

12              Defendant.
     _____/
13

14          This is a Clean Water Act case.  Plaintiff alleges that Defendants unlawfully discharge

15   pollutants into storm water from their dry bulk cargo marine terminal in Richmond, California.  On

16   September 30, 2013, Plaintiff filed a motion to compel entry onto Defendants' property, via boat, to

17   take sediment samples from the Bay floor at several locations.  Docket No. 95.  Defendants opposed

18   the motion, arguing that Plaintiff had never served a formal discovery request for entry onto

19   Defendants' property.  The Court, having considered the parties' briefs, hereby DENIES the motion

20   to compel.  The hearing scheduled for October 29, 2013, is VACATED.

21          Plaintiff seeks to collect samples of the sediment from the bottom of the Bay near

22   Defendants' storm water outfalls.  Plaintiff claims that the sediment sampling is relevant to its

23   claims that Defendants are discharging pollutants into the Bay and the environmental impacts of

24   these discharges. Plaintiff also argues that the sediment sampling is relevant to its expert's opinions.

25   It states that "Dr. William J. Rogers currently relies on existing data about sediment adjacent to the

26   Levin Facility" but that the samples it would take from the Bay Bottom adjacent to the Levin

27   Facility would be different.  Mot. at 8.

28          Plaintiff first requested that Defendants allow it to collect sediment samples from

     Defendants' property via letter on August 22, 2013, approximately one week before the close of fact

**United States District Court**
For the Northern District of California

discovery on August 30, 2013.  Plaintiff did not propound a formal request under Federal Rule of Civil Procedure 34(a)(2), which allows a party to serve a formal request for entry onto land controlled by the other party "so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  Fed. R. Civ. P. 34(a)(2). The other party has 30 days in which to respond.  Fed. R. Civ. P. 34(b)(2)(A).

Plaintiff has failed to comply with Rule 34.  It has also failed to comply with Civil Local Rule 37-2, which requires that a motion to compel "must set forth each request in full, followed immediately by the objections and/or responses thereto.  For each such request, the moving papers must detail the basis for the party's contention that it is entitled to the requested discovery . . . ." Civ. L.R. 37-2.  There is no outstanding discovery request to compel, since Plaintiff made its sampling request informally and too close to the close of fact discovery to properly serve a Rule 34 request.  See Opp. at 5-6; Declaration of Caroline Koch ISO Motion to Compel ("Koch Decl.") ¶ 25, Ex. S.

Plaintiff argues that it should be excused from Rule 34's requirements because it did not know until well into the discovery process that Defendants' property line extended to the bottom of the Bay.  Plaintiff states that it assumed that the Bay bottom was publicly owned, so it did not conduct any sampling during fact discovery.  See Cal. Civ. Code § 670 ("The State is the owner of all land below tide water").  Plaintiff maintains that the maps and boundary delineations Defendants provided during discovery were ambiguous.  However, several maps provided by Defendants to Plaintiff during discovery show the property line of the facility extending out into the Santa Fe Channel and the Lauritzen Canal.  See Declaration of Sophia Belloli ISO Defendants' Opposition ("Belloli Decl.") Ex. L.  Jim Holland, Defendants' director of facilities, testified at his deposition that there is an "area in the water that belongs to the terminal."  Koch Decl. Ex. K at 161:6.  Helen Mawhinney, Defendants' storm water expert, testified at her deposition that there was a way to calculate the acreage at the Levin Facility that included "some property that's water."  Koch Decl. Ex. L at 137:12-16.  Defendants responded to a Request for Admission that the Levin Facility consists of approximately 42 acres of land, water, and bay.  Koch Decl. Ex. H at 4.  Plaintiff, therefore, was on notice during the fact discovery period that Defendants' property lines extended

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

into the Bay and that it would need to serve a formal request for entry under Rule 34 in order to take sediment samples.  While there might be special circumstances, such as an urgent need to inspect an ephemeral item or process, where such a failure to comply with Rule 34 could be overlooked, none of those circumstances are present here.  Nor did Plaintiff seek to extend the deadline to serve a formal discovery request before the end of the fact discovery period.  Plaintiff had an opportunity to comply with Rule 34 and it failed to do so; therefore, its motion to compel must be denied.

Plaintiff's motion to compel also fails under the proportionality standard of Federal Rule of Procedure 26(b)(2).  That rule instructs a court to limit the frequency or extent of discovery if it determines that the party seeking discovery has had ample opportunity to obtain the information by discovery.  Fed. R. Civ. P. 26(b)(2)(C)(ii).  Rule 26(b)(2) also states that courts should consider the burden or expense of the proposed discovery and whether that burden outweighs the likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  As discussed above, Plaintiff had ample opportunity to make a formal request under Rule 34, rather than wait until eight days before the discovery cutoff to raise the inspection issue informally.  Further, Plaintiff acknowledges that the sediment samples are not strictly necessary for its expert, but rather would make his risk assessment analysis easier.  Reply at 2.  This is not enough of a benefit to outweigh the burden and expense of discovery that was not properly propounded but rather informally requested at the eleventh hour.

The Court therefore DENIES Plaintiff's motion to compel and its request that the initial expert discovery deadline be extended in order for Dr. Rogers to supplement his report.  The Court DENIES as moot Defendants' Request for Judicial Notice (Docket No. 111).   The hearing scheduled for October 29, 2013 is VACATED.


**IT IS SO ORDERED.**


Dated: 10/25/13

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge